**Joseph ELAZARI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71857.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.*

Filed March 15, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joseph Elazari, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Norah Ascoli Schwarz, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

Joseph Elazari, a native of Iran and citizen of Israel, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision finding him ineligible for adjustment of status. We deny the petition for review.

■ The IJ did not abuse his discretion or violate due process by failing to indefinitely suspend proceedings to await Elazari's possible future eligibility for adjustment of status. *See Biwot v. Gonzales*, 403 F.3d 1094, 1099 (9th Cir.2005); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) ("To prevail on a due process challenge ... [a petitioner] must show error and substantial prejudice.").

■ Elazari's contention that he qualifies as a grandfathered alien under 8 C.F.R. § 245.10 does not change his ineligibility for adjustment of status because he lacks an immediately available immigrant visa. *See* 8 C.F.R. § 245.10(b)(2) (permitting grandfathered alien to adjust status if, *inter alia,* he has an immediately available immigrant visa).

■ Finally, the BIA did not abuse its discretion in declining to remand because the evidence regarding Elazari's wife's labor certification did not establish prima facie eligibility for adjustment of status. *See Malhi v. INS,* 336 F.3d 989, 994 (9th Cir.2003). The record does not indicate that Elazari's wife is the beneficiary of an approved, or even pending, visa petition. *See* 8 U.S.C. § 1255(a).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

